IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STANTON A. SMITH,

        Plaintiff,

v.                                            Case No.  06-2053-DJW

SIEMANS DEMATIC CORP.,

        Defendant.

## **O R D E R**

Pending before the Court is Defendant's Motion to Sanctions (doc. 21).  More specifically, Defendant seeks sanctions in the form of dismissal, costs and fees against Plaintiff for failing to comply with a court order requiring Plaintiff to respond to discovery requests.  For the reasons stated below, Defendant's Motion will be granted in part and denied in part.

### **Relevant Chronology**

| | |
|---|---|
| 5/9/06: | Defendant serves discovery requests on Plaintiff; |
| 6/12/06: | Discovery responses due to Defendant; |
| 6/14/06: | Plaintiff files a motion for extension of time to respond to discovery requests; |
| 6/26/06: | Defendant files a brief in opposition to the motion for extension of time; |
| 6/28/06: | Plaintiff's Motion is granted; discovery response deadline extended to 6/30/06;[1] |
| 6/30/06: | Plaintiff does not serve discovery responses as promised; |
| 7/11/06: | Defendant files Motion for Sanction for failing to comply with Court Order; and |
| 7/12/06: | Plaintiff files a certificate of service stating the responses were mailed July 11, 2006. |

---

[1]June 28, 2006 Docket Entry (doc. 20) (emphasis in original).

**Discussion**

Given that the chronology set forth above is not disputed by the parties, the Court finds that Plaintiff failed to comply with the June 28, 2006 Court Order (doc. 20) requiring Plaintiff to serve the discovery responses at issue by June 30, 2006. Because the Court finds that Plaintiff failed to comply with the Court Order, the Court must now determine the appropriate sanction.

Under Fed.R.Civ.P. 37(b), the court has discretion to impose sanctions when a party has failed to comply with a court order.[2] In doing so, the court should consider the purpose of the sanction, including "(1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management."[3] Applicable case law makes clear that a judge may dismiss an action for discovery violations.[4] Because of the harshness of dismissal, however, due process requires that the discovery violation be predicated upon "willfulness, bad faith, or [some] fault of petitioner" rather than inability to comply.

To that end, the Tenth Circuit has provided a framework of factors that are to be considered prior to dismissal. The factors relevant to this inquiry, which are not to be used as a "rigid test," are: (1) the degree of actual prejudice to the defendants; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the Court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser

---

[2]*Myers v. Colgate-Palmolive Co.*, 26 Fed. Appx. 855, 862 (10th Cir. 2002).

[3]*Resolution Trust Corp. v. Williams*, 162 F.R.D. 654, 660 (D. Kan. 1995) (citing *White v. Gen. Motors Corp.*, 908 F.2d 675 (10th Cir. 1990)).

[4]*Archibeque v. Atchison, Topeka and Santa Fe Railway Co.,* 70 F.3d 1172, 1174 (10th Cir.1995) (citing Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir.1992)).

sanctions.[5] Upon consideration fo the circumstances presented, the Court finds that the factors do not justify dismissal in this case.

In this case, Defendant received the discovery only two weeks after the Court imposed deadline, the June 28, 2006 Court Order does not warn Plaintiff that failure to comply with the order may result in dismissal, and less severe sanctions are available to adequately deter and punish the wrongdoer.[6] More specifically, the Court finds that an award of costs and fees is more appropriate than dismissal. To that end, Defendant shall submit, within ten (10) days from the date of this Order, a detailed itemization of costs and fees that it alleges are a result of Plaintiff's failure to provide his discovery responses as ordered on June 30, 2006.  Plaintiff shall have five (5) days to object to Defendant's submission. The Court will review the submission and any objection filed, and determine an appropriate award.

Accordingly, it is hereby ordered that Defendant's Motion for Sanctions (doc.  21)

- is granted to the extent that Defendant shall be awarded sanctions in the form of costs and fees associated with Plaintiff's violation of the Court's Order; and
- denied to the extent that the Court declines to impose sanctions in the form of dismissal.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 19th day of July, 2006.

---

[5] *Id.* (citing *Ehrenhaus* at 921).

[6] *See Kindergartners Count, Inc. v. DeMoulin*, 209 F.R.D. 466, 469 (D. Kan. 2002) (citation omitted) ("The sanction to be imposed should be the least severe of those available, which appears adequate to deter and punish the wrongdoer.").

s/ David J. Waxse<br>
David J. Waxse<br>
United States Magistrate Judge

cc: All counsel and *pro se* parties